# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH KLIMEK,

UNPUBLISHED
April 7, 2015

Plaintiff-Appellant,

v

No. 318504
Oakland Circuit Court
LC No. 2012-130756-NO

MS PLAZA, LLC, and PRIME PROPERTY
ASSOCIATES, INC.,

Defendants-Appellees.

Before: BECKERING, P.J., and JANSEN and BOONSTRA, JJ.

PER CURIAM.

In this negligence action alleging a claim of premises liability, plaintiff, Kenneth Klimek, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) in favor of defendants, MS Plaza, LLC, and Prime Property Associates, Inc., and dismissing his claim. We affirm.

This claim arose from injuries plaintiff sustained when he slipped and fell as he stepped on a urinal mat located in the restroom of an office building owned by MS Plaza, LLC ("MS Plaza") and managed by Prime Property Associates, Inc. ("Prime Property"). Plaintiff filed the instant complaint alleging that defendants were liable for his injuries under a theory of premises liability. Defendants moved for summary disposition under MCR 2.116(C)(10). The trial court, finding that there was no genuine issue of material fact that the urinal mat, the allegedly dangerous condition, was open and obvious and lacked any special aspects, granted summary disposition in defendants' favor and dismissed plaintiff's premises liability claim as to both defendants. Plaintiff now appeals that decision.

We review de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Id.* at 120. "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id.* (citations omitted). Whether a hazardous condition is open and obvious is initially a question

-1-

of law for the trial court. *Knight v Gulf & Western Props, Inc*, 196 Mich App 119, 126; 492 NW2d 761 (1992). However, "[i]f genuine issues of material fact exist regarding the condition of the premises and whether the hazard was open and obvious, summary disposition is inappropriate." *Watts v Michigan Multi-King, Inc*, 291 Mich App 98, 103; 804 NW2d 569 (2010).

To establish a prima facie case of premises liability, " 'a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages.' " *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013), quoting *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). The duty a premises possessor owes to individuals who enter its premises is determined by the visitor's status. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). The parties do not dispute that plaintiff, who was attending a weekly business meeting in the subject building when the accident occurred, was a business invitee. " 'In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land.' " *Joyce v Rubin*, 249 Mich App 231, 238; 642 NW2d 360 (2002), quoting *Lugo v Ameritech Corp*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, a premises possessor is not an absolute insurer of an invitee's safety and is not required to protect an invitee from dangerous conditions that are "open and obvious." *Lugo*, 464 Mich at 516; *Joyce*, 249 Mich App at 238. "The possessor of land owes no duty to protect or warn of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable precautions to avoid." *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012) (internal quotation marks omitted). Thus, in determining whether a premises possessor owes a duty to a plaintiff, a court must first determine whether the dangerous condition was open and obvious.

The relevant circumstances surrounding plaintiff's accident are largely not in dispute. Mark Santi, who is a member of the entity that owns 60 percent of the building where the incident occurred and is responsible for the operations of the building, directed Peter Meldrum, who provides commercial cleaning services for the building, to begin utilizing urinal mats in the building's restrooms. The mats were described as lightweight, disposable, rubberized mats that were specifically designed to be placed in front of a urinal and to grip to a restroom floor. The specific urinal mats used in the subject building have a rubber, flat bottom with "gripping factors to it," the top of the mats are rubber with "some texture," like a "waffle," and the inside of the middle of the mats contains a scented paper or fabric to "collect and dry out the dripping."[1]

Plaintiff attended a weekly business meeting at an office in the subject building and had used the second-floor restroom several times before his slip and fall accident. About six months

---

[1] Plaintiff presented product literature regarding the urinal mat, which describes the mat as being constructed of a "heavier, high-friction, coefficient material" that "actually grips to CLEAN, DRY floors[,]" that "[n]o adhesive or velcro" is needed in light of its "gripping action[,]" and that it "substantially reduces slipping."

before his accident, plaintiff noticed that a mat had been placed on the restroom floor beneath and/or in front of the urinal. Plaintiff was aware that the mat was "loose" and not adhered to the floor because when he stepped on the mat, it "would wobble" and "[f]rom time to time [he] would go in [to the restroom] and it [the mat] would be out of position, it would be either instead of where it was located six, eight inches, ten inches from the wall, it had been slid all the way forward up to the wall or it was slid to one side." "Multiple" times plaintiff noticed that the urinal mat was out of place or "askew," but he never experienced any trouble slipping on the mat.[2] He explained that on the date of his slip and fall accident, the urinal mat was "askew" and not adhered to the floor.

On the day of the incident, plaintiff had just finished attending his weekly business meeting and stopped to use the second-floor restroom. Plaintiff described the floor of the restroom as smooth linoleum tile with no grout and the restroom lighting as adequate and well-lit from florescent lights above. In the area around the front of the urinal, plaintiff observed the rubberized urinal mat that was "fairly stiff" with a top surface, "like a waffle," that was approximately 12 inches wide and 15 to 18 inches long and cut at an angle. According to plaintiff, the mat was "askew" or "out of place" and "not adhered" to the floor. Plaintiff did not observe any "foreign substance" on top of the mat, such as a piece of toilet paper, or anything indicating that the floor might be wet. Plaintiff approached the urinal and, as he stepped onto the mat with his left foot, he "lost control," the mat moved and slid out from underneath him, he slipped, his body "went down," and he "hit the floor." As plaintiff fell, he did not notice anything on the floor other than the mat. Upon entering the restroom to assist plaintiff after he fell, two individuals who worked in the building observed that the urinal mat had moved or shifted from its regular position. They also did not observe anything else on the floor, such as moisture, toilet paper, or other debris that could have contributed to plaintiff's fall. Plaintiff believed that the urinal mat had slipped out from underneath him causing him to fall and sustain serious injury to his knee.

At issue in the instant case is whether the allegedly hazardous condition created by the urinal mat on the restroom floor of the subject building is open and obvious so as to cut off defendants' liability for plaintiff's injuries resulting from his slip and fall accident. "Open and obvious dangers exist 'where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them . . . .' " *Joyce*, 249 Mich App at 238, quoting *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96; 485 NW 2d 676 (1992). A danger is open and obvious even if the plaintiff did not know of its existence where, under the circumstances, "it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 492 Mich at 461. The focus of this test is on "the objective nature of the condition of the premises at issue, not the subjective degree of care used by the plaintiff." *Lugo*, 464 Mich at 524. "The test is objective, and the inquiry is whether a reasonable person in the plaintiff's position would have foreseen the danger, not

---

[2] Two individuals who work with plaintiff testified in depositions that they had slipped on the urinal mats, but they never informed anyone of the incidents or discussed the incidents with anyone.

whether the particular plaintiff knew or should have known that the condition was hazardous." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 479; 760 NW2d 287 (2008). See also *Hoffner*, 492 Mich at 461; *Corey v Davenport College of Business (On Remand)*, 251 Mich App 1, 5; 649 NW2d 392 (2002); *Joyce*, 249 Mich App at 238-239.

Under the undisputed facts in this case, we conclude that a reasonable person in plaintiff's position would have recognized and foreseen, upon casual inspection, the potential danger that a rubberized mat that was visibly askew and not adhered to a restroom floor made of smooth linoleum tile might move and cause one to slip and fall. See *Slaughter*, 281 Mich App at 479. Although, there is no evidence indicating that the restroom floor was wet or that there was any debris on the mat or the floor indicating a visible slipping hazard, the fact that plaintiff observed that the mat was askew and not adhered to the floor prior to his fall revealed the potentially hazardous condition. Moreover, plaintiff knew that the urinal mat tended to move or shift positions, was "loose," and would wobble when stepped upon. Although it is apparent from his testimony that plaintiff did not actually know of or appreciate the risk that he might slip and fall if the mat moved or shifted, the relevant inquiry does not focus on whether a particular plaintiff knew or should have known that the condition was hazardous. *Id.* at 478-479. Accordingly, we find that the allegedly dangerous condition presented by the urinal mat was open and obvious as a matter of law and the trial court did not err in so deciding.[3]

In reaching this conclusion, we reject plaintiff's argument that the instant case is analogous to, and controlled by, the decision reached by a panel of this Court in *Bielby v Saginaw Plaza Group, LLC*, unpublished opinion per curiam of the Court of Appeals, issued February 24, 2011 (Docket No. 295564). We note that unpublished opinions are not binding precedent under the rule of *stare decisis*. MCR 7.215(C)(1); *Slaughter*, 281 Mich App at 482 n 4. Regardless, the facts of the instant case differ critically from those presented in *Bielby*. In *Bielby*, unpub op at 1-2, the plaintiff, who slipped on a mat in a bathtub while he was taking a shower, first checked the mat to determine if it was secured to the bottom of the bathtub, and believed that it was secured. Thereafter, the plaintiff leaned against the wall in the bathtub, and the mat slipped out from underneath him. *Id.* at 2-3. Where the mat was "ostensibly affixed permanently to the bottom of the bathtub" and later fell out from underneath the plaintiff while he was leaning, this Court held that the trial court erred by holding, as a matter of law, that the risk presented by the mat was open and obvious. *Id.* at 3. The panel explained, "we do not agree with the trial court that an average person would recognize upon casual inspection the danger actually presented here; that a mat that appeared to be permanently affixed would move out from under the person if he leaned against the back of the shower." *Id.*

---

[3] The affidavit of plaintiff's safety expert did not create a genuine issue of material fact regarding whether the condition presented by the urinal mat was open and obvious. Where the mat was visibly askew and not adhered to the restroom floor, a reasonably prudent person would have appreciated the risk that the mat might move or shift. Moreover, the expert's conclusion that plaintiff would not have been able to discover the hidden danger and risk presented upon casual inspection is a legal conclusion and "[t]he opinion of an expert does not extend to legal conclusions." *Maiden*, 461 Mich at 130 n 11.

The facts in this case are materially distinguishable from those in *Bielby*. Notably, plaintiff's testimony in the instant case indicates that he was aware that the urinal mat was askew and not permanently affixed to the floor before he stepped on it. Further, plaintiff admitted knowing that the mat was "loose" and that it would "wobble" when he stepped on it. Accordingly, unlike in *Bielby*, the hazardous condition caused by the urinal mat, i.e., that it might shift or move causing one to slip and fall, was not a "hidden danger."

We also agree with the trial court that there was no genuine issue of material fact concerning whether there were any special aspects rendering the open and obvious condition presented by the urinal mat unreasonably dangerous. [4] "[I]f special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 464 Mich at 517. The "special aspects" exception applies to the open and obvious doctrine when a condition is effectively unavoidable or when the condition is unreasonably dangerous. *Hoffner*, 492 Mich at 463.

The dangerous condition presented by the urinal mat lacked any special aspects to render the open and obvious hazard actionable. The likelihood of harm caused by the unsecured urinal mat, i.e., slipping and falling on a bathroom floor, is not unusually high or severe. See *Lugo*, 464 Mich at 518. Although falling on a linoleum tile floor certainly presents some potential for severe harm, these circumstances are not the type of special aspects that *Lugo* contemplated. See *id.* at 519-520. See also *Corey*, 251 Mich App at 7. Additionally, the hazardous condition was not "effectively unavoidable." *Lugo*, 464 Mich at 518. "An 'effectively unavoidable' hazard must truly be, for all practical purposes, one that a person is required to confront under the circumstances." *Hoffner*, 492 Mich at 472. In the instant case, plaintiff, who was aware that the urinal mat was askew and not adhered to the floor, could have stepped around the mat, inspected it to ensure it was secure before stepping on it, or simply moved the mat out of the way, thereby eliminating the danger and risk of harm presented by the mat. The condition in this case was common, not "uniquely dangerous," and not unavoidable so as to "warrant removing this case from the open and obvious danger doctrine." *Joyce*, 249 Mich App at 243.

We conclude that the trial court did not err in determining that the dangerous condition created by the urinal mat was open and obvious and lacked any special aspects rendering the open and obvious condition unreasonably dangerous.[5] Thus, defendants had no duty to protect plaintiff from the hazardous condition.

---

[4] Plaintiff emphasizes on appeal that he makes no claim of the existence of a special aspect; rather, he contends that the condition was not open and obvious.

[5] To the extent plaintiff argues that the trial court erred by granting summary disposition under the open and obvious doctrine because only MS Plaza, not Prime Property, moved for summary disposition under the open and obvious doctrine, that argument is meritless. MCR 2.116(I)(1) permits the trial court to *sua sponte* grant summary disposition "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact . . . ." Where plaintiff had notice of the open and obvious

We need not consider plaintiff's remaining issue, regarding possession and control of the premises, because our decision regarding the open and obvious danger issue fully resolves this case and the trial court did not address it. See *Corey*, 251 Mich App at 9; *Fast Air, Inc v Knight*, 235 Mich App 541, 549-550; 599 NW2d 489 (1999).

Affirmed.

/s/ Jane M. Beckering
/s/ Mark T. Boonstra

---

issue and a chance to respond to it at the summary disposition hearing, we find no error by the trial court in granting summary disposition to both defendants.