JOYCE v RUBIN

Docket No. 223908. Submitted November 13, 2001, at Detroit. Decided
    January 15, 2002, at 9:15 A.M.

    Valary A. Joyce brought an action in the Oakland Circuit Court
    against Barry Rubin, Bare Snow and Landscaping, and Larry Gar-
    linghouse, seeking damages for injuries sustained when she fell on
    a walkway leading to the front door of Rubin's residence, allegedly
    as a result of ice and snow on the walkway. Bare Snow and Gar-
    linghouse had been contracted to remove snow at the residence
    and apply salt. The defendants moved for summary disposition, and
    the court, Jessica R. Cooper, J., granted the motions on the bases
    that there was no genuine issue of material fact regarding the plain-
    tiff's knowledge of the condition of the walkway, the condition was
    open and obvious, the risk of harm was not unreasonably danger-
    ous, and, though Bare Snow and Garlinghouse owed the plaintiff a
    common-law duty of ordinary care in performing the snow removal
    contract, there was no genuine issue of material fact regarding a
    breach of a duty owed under the contract that would give rise to a
    breach of a duty of due care. The plaintiff appealed.

    The Court of Appeals *held*:

    1. The open and obvious danger doctrine applies to claims relat-
    ing to a duty to warn or a duty to protect from a condition on the
    land. The doctrine was properly applied in this matter involving a
    common-law duty to maintain premises.

    2. The evidence established that the plaintiff saw the snow and
    recognized that the snow posed a safety hazard to her. The condi-
    tion of the walkway and the danger it presented was open and
    obvious.

    3. A premises possessor has a duty to undertake reasonable pre-
    cautions to protect invitees from an open and obvious dangerous
    condition where special aspects of the condition make the open
    and obvious risk unreasonably dangerous. The plaintiff failed to
    present evidence that the condition involved in this matter gave
    rise to a uniquely high likelihood of harm or that it was an unavoid-
    able risk. The plaintiff failed to show that the condition constituted
    an unreasonable risk of harm.

4. The plaintiff failed to present evidence to establish that Bare Snow and Garlinghouse failed to perform, with ordinary care, the service outlined in the snow removal contract.

Affirmed.

1. NEGLIGENCE — PREMISES LIABILITY — OPEN AND OBVIOUS DANGERS.

A possessor of land generally owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land; this duty generally does not encompass removal of open and obvious dangers; open and obvious dangers exist where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them; an invitor owes no duty to protect or warn an invitee of open and obvious dangers unless the invitor should anticipate the harm despite knowledge of the danger on behalf of the invitee; the open and obvious danger doctrine applies to claims relating to a duty to warn or a duty to protect from a condition on the land.

2. NEGLIGENCE — PREMISES LIABILITY — OPEN AND OBVIOUS DANGERS.

The test to determine if a dangerous condition on land is open and obvious is whether an average person with ordinary intelligence would have been able to discover on casual inspection the danger and the risk presented; courts assess whether a reasonable person in that position would foresee the danger, not whether the person should have known that the condition was hazardous.

3. NEGLIGENCE — PREMISES LIABILITY — OPEN AND OBVIOUS DANGERS.

A possessor of land has a duty to undertake reasonable precautions to protect invitees from an open and obvious risk of harm where special aspects of the condition creating the risk make the risk unreasonably dangerous; only those special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove the condition from the general open and obvious danger doctrine, which provides that the general duty that a possessor of land owes to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a condition on the land does not encompass the removal of open and obvious dangers.

*Worsham, Victor & Ahmad, P.C.* (by *Howard Victor*), for Valary A. Joyce.

*Cory & Wesley* (by *Paul R. Knight*), for Barry Rubin.

*Sarvis & Herrmann, P.C.* (by *Thomas G. Herrmann*), for Bare Snow & Landscaping and Larry Garlinghouse.

Before: BANDSTRA, C.J., and SAAD, P.J., and WHITBECK, J.

SAAD, P.J. Plaintiff appeals as of right from the trial court's orders granting summary disposition to defendants, Barry Rubin, Bare Snow and Landscaping (Bare Snow), and Larry Garlinghouse. We affirm.

I. FACTS AND PROCEDURAL HISTORY

Barry Rubin and his wife Debra hired Valary Joyce about July 12, 1997, as a live-in caregiver for their mentally impaired daughter. Joyce lived and worked at the Rubins' home in West Bloomfield until March 1998, when she left to work as a mortgage banker. On March 10, 1998, as Joyce was removing her personal belongings from the Rubins' home, she fell on the sidewalk leading to the Rubins' front door.

On October 29, 1998, Joyce filed a complaint against Barry Rubin, alleging that he insisted she move on March 10, despite her reluctance because of snowy weather, and that he breached his duty to maintain safe premises and did nothing to alleviate the dangerous, snowy conditions that caused her fall. On February 1, 1999, Joyce amended her complaint to add a claim against Bare Snow and Garlinghouse, who contracted with Barry Rubin to remove snow from his driveway. Joyce claimed that her injury occurred because Bare Snow and Garlinghouse negligently failed to perform under their contract with

Barry Rubin to shovel snow and salt the sidewalk on March 10.

Barry Rubin, Bare Snow, and Garlinghouse filed motions for summary disposition under MCR 2.116(C)(10). Following oral argument, the trial court granted the motions. The trial court ruled that (1) there was no genuine issue of material fact regarding Joyce's knowledge of the condition of the walkway, (2) the condition was open and obvious, and (3) the risk of harm was not unreasonably dangerous. The court further ruled that, though Bare Snow and Garlinghouse owed Joyce a common-law duty of ordinary care in performing their contract with Barry Rubin, there was no genuine issue of material fact regarding a breach of a duty owed under the contract that would give rise to a breach of a duty of due care.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews de novo decisions on motions for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). As our Supreme Court said in *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999):

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR

2.116(C)(10), (G)(4). *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996).

### B. APPLICATION OF THE OPEN AND OBVIOUS DANGER DOCTRINE

Joyce contends that the trial court erred in applying the open and obvious danger doctrine to this case because she claims that Barry Rubin failed to make the unreasonably dangerous condition safe and because she does not claim that Barry Rubin failed to warn of a dangerous condition.

Joyce cites *Walker v Flint*, 213 Mich App 18; 539 NW2d 535 (1995), to support her argument that "[t]he defense of open and obvious danger relates to a claim of a duty to warn, but will not exonerate a defendant from liability where the claim is one of a duty to maintain and repair the premises." *Id.* at 22. In *Walker*, our Court concluded that, because the plaintiff's theory of liability was based on the highway exception to governmental immunity, a statutory duty, rather than on a duty to warn, the open and obvious danger doctrine did not apply. *Id.* at 21.

This Court later addressed a similar issue in *Haas v Ionia*, 214 Mich App 361, 364, n 3; 543 NW2d 21 (1995). In *Haas*, the plaintiff admitted that she knew about the condition of a grossly defective sidewalk in the city of Ionia before she tripped and fell on it. *Id.* at 362. On appeal, this Court criticized the *Walker* Court's assertion that the open and obvious danger doctrine applies only to duty to warn cases and, citing *Riddle v McLouth Steel Products Corp*, 440 Mich 85; 485 NW2d 676 (1992), suggested that the statement is inconsistent with prior case law. *Haas, supra* at 364, n 3. However, the *Haas* Court declined to

revisit the analysis, concluding instead, consistent with *Walker*, that because the city's duty to maintain sidewalks is imposed by statute, the city may not rely on the open and obvious danger rule as a defense. *Id.* at 362-363, 364, n 3.

Since *Walker* and *Haas*, this Court has specifically rejected the argument made here by Joyce that the open and obvious danger doctrine applies only to claims of failure to warn and not to claims of failure to maintain premises. *Millikin v Walton Manor Mobile Home Park, Inc*, 234 Mich App 490, 491, 495; 595 NW2d 152 (1999). Joyce contends, however, that *Millikin* was wrongly decided, that it is contrary to *Bertrand v Alan Ford, Inc*, 449 Mich 606; 537 NW2d 185 (1995), and that it ignores other, well-established case law, including *Walker*.

Joyce is wrong for several reasons. Joyce's argument is undermined by the fact that the *Millikin* Court actually relied on *Bertrand* and asserted that its conclusion is consistent with *Bertrand*. First, as *Haas* made clear, there are reasons specific to the sidewalk statute that make the open and obvious danger doctrine inapplicable in that type of case. *Haas, supra* at 363-364. Because this is not such a case, *Walker* and *Haas* are not applicable here. Further, like *Walker*, the *Millikin* Court observed that our Supreme Court held in *Riddle* that an invitor does not owe a duty to warn *or to protect an invitee* from " 'dangers that are so obvious and apparent that an invitee may be expected to discover them himself.' " *Millikin, supra* at 494, quoting *Riddle, supra* at 94. See also the *Millikin* Court's reliance on *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495; 418 NW2d 381 (1988), and 2 Restatement Torts, 2d,

§ 343A(1). *Millikin, supra* at 494-495. The *Millikin* Court further observed that the *Bertrand* Court "did nothing to suggest that the doctrine was limited to harms caused by a failure to warn but, instead, noted its application to harms 'caused by a dangerous condition of the land' or 'any activity or condition on the land.' " *Millikin, supra* at 496, quoting *Bertrand, supra* at 609-610.

We find that *Millikin* is consistent with *Riddle* and *Bertrand*, particularly in light of the specific language in those decisions that the open and obvious danger doctrine applies to claims relating to a *duty to warn or duty to protect from a condition on the land.* Moreover, in *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001), our Supreme Court recently used language reflecting the general understanding that the *duty to protect* from dangers "does not generally encompass removal of open and obvious dangers."

For these reasons, we reject Joyce's argument and instead hold that the open and obvious danger doctrine clearly applies to this case involving a common-law duty to maintain premises and, therefore, the trial court correctly concluded that the doctrine applies here.

### C. GRANT OF SUMMARY DISPOSITION TO BARRY RUBIN

#### 1. OPEN AND OBVIOUS DANGER

Joyce contends that the trial court erred in granting summary disposition to Barry Rubin because genuine issues of material fact exist regarding the condition of the sidewalk and whether the condition was open and

obvious. Though this is a much closer question, we again reject Joyce's argument.

Joyce alleges in her complaint that Barry Rubin's negligent failure to remove ice and snow from his sidewalk caused her slip and fall accident. "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo, supra* at 516, citing *Bertrand, supra* at 609. However, "this duty does not generally encompass removal of open and obvious dangers." *Lugo, supra* at 516. Open and obvious dangers exist "where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them . . . ." *Riddle, supra* at 96. Regarding open and obvious dangers, "an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Id.* As our Supreme Court clarified in *Lugo*, "the open and obvious doctrine should not be viewed as some type of 'exception' to the duty generally owed invitees, but rather as an integral part of the definition of that duty." *Lugo, supra* at 516.

The test to determine if a danger is open and obvious is whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993). Because the test is objective, this Court "look[s] not to whether plaintiff should have known that the [condition] was hazardous, but to whether a reasonable person in his

position would foresee the danger." *Hughes v PMG Bldg, Inc*, 227 Mich App 1, 11; 574 NW2d 691 (1997).

Here, viewing the evidence in a light most favorable to Joyce, she admittedly knew and, under the circumstances, "an average user with ordinary intelligence [would] have been able to discover" the condition of the sidewalk and the risk it presented. *Novotney, supra* at 475. Joyce testified during her deposition that it snowed lightly the morning of March 10 and that, when she arrived at Barry Rubin's house, she saw snow on the driveway and snow on the sidewalk. Further, Joyce stated that she watched where she walked on the sidewalk and walked very carefully because she knew the sidewalk was "not very safe." Joyce also acknowledged that she slipped on snow that had fallen but had not yet melted, that she knew the sidewalk was slippery, that she repeatedly told Debra Rubin it was slippery, and that she slipped twice while walking on the sidewalk before she finally fell.

Contrary to Joyce's arguments on appeal, her testimony establishes beyond peradventure that she saw the snow *and* recognized that the snow posed a safety hazard to her. Further, Joyce's testimony establishes that she felt the slippery texture of the snow (or ice underneath the snow) when she slipped twice before falling. Because Joyce lost her footing twice on the sidewalk, she was undoubtedly aware of the condition and the specific, potential danger of slipping before she fell. Under similar circumstances, an average person with ordinary intelligence would not only have seen the snowy condition of the sidewalk, but would have discovered the risk of slipping on it. Thus, subjectively and objectively, no reasonable

juror could have concluded that the condition of the sidewalk and the danger it presented was not open and obvious. *Bertrand, supra* at 617. Accordingly, the trial court properly concluded that the condition was open and obvious. *Id.*

### 2. UNREASONABLY DANGEROUS

Joyce further contends that, if the trial court correctly determined that the danger was open and obvious, the slippery sidewalk nonetheless presented an unreasonably dangerous risk to such an extent that Barry Rubin had a duty to undertake reasonable precautions to protect her.

As our Supreme Court ruled in *Bertrand* and confirmed in *Lugo*, "if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo, supra* at 517; see *Bertrand, supra* at 611. In *Lugo*, the Supreme Court quoted the following language from *Bertrand* to explain the "unreasonably dangerous" risk theory:

> "With the axiom being that the duty is to protect invitees from unreasonable risks of harm, the underlying principle is that even though invitors have a duty to exercise reasonable care in protecting their invitees, they are not absolute insurers of the safety of their invitees. *Quinlivan [v Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244, 261; 235 NW2d 732 (1975).]* Consequently, because the danger of tripping and falling on a step is generally open and obvious, the failure to warn theory cannot establish liability. However, there may be special aspects of these particular steps that make the risk of harm unreasonable, and, accordingly, a failure to remedy the dangerous condition may be found

to have breached the duty to keep the premises reasonably safe." [*Lugo*, *supra* at 517, quoting *Bertrand*, *supra* at 614.]

Thus, if a danger is deemed open and obvious,

> the critical question is whether there is evidence that creates a genuine issue of material fact regarding whether there are truly "special aspects" of the open and obvious condition that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm, i.e., whether the "special aspect" of the condition should prevail in imposing liability upon the defendant or the openness and obviousness of the condition should prevail in barring liability. [*Lugo*, *supra* at 517-518.]

The crux of Joyce's argument is that the open and obvious condition of the snowy sidewalk was "effectively unavoidable." Joyce testified that she told Debra Rubin about the snowy weather conditions and asked if she could enter through the garage or use a rug for traction, but that Debra refused to provide safety measures or an alternative route. Other witness' testimony regarding weather conditions and the condition of the sidewalk differed from Joyce's recollection; however, viewing the evidence in a light most favorable to Joyce, we hold that Joyce failed to raise a genuine issue of material fact that the condition of the sidewalk rose to the level of an unreasonably dangerous condition contemplated in *Lugo* or prior cases.

In summarizing its ruling in *Lugo*, our Supreme Court specifically held that "only those *special aspects* that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." *Id.* at 519 (emphasis added). As an example, the Supreme Court stated

that, if an open and obvious hazard exists at the only exit of a commercial building, leaving the building would require an invitee to encounter the risk of harm without any alternative. *Id.* at 518. Though the condition is open and obvious, the "special aspects" of the condition would render the condition "effectively unavoidable" and therefore could constitute an unreasonably dangerous risk. *Id.* at 517-518. The *Lugo* Court also observed that even an avoidable open and obvious condition may be unreasonably dangerous if "special aspects" create a risk of death or severe injury, such as a thirty-foot-deep pit in a parking lot. *Id.* at 518.

Though Joyce says that she had no choice but to traverse the slippery walkway to the front door, she presents no evidence that the condition and surrounding circumstances would "give rise to a uniquely high likelihood of harm" or that it was an unavoidable risk. First, Joyce could have simply removed her personal items another day or advised Debra Rubin that, if Rubin did not allow her to use the garage door, she would have to move another day. Further, unlike the example in *Lugo*, Joyce was not effectively trapped inside a building so that she *must* encounter the open and obvious condition in order to get out. Joyce specifically testified that, after she slipped twice on the sidewalk, she *walked around the regular pathway* to avoid the slippery condition. Therefore, though this is a close case, Joyce's own testimony established that she could have used an available, alternative route to avoid the snowy sidewalk. While Debra Rubin's alleged refusal to place a rug on the sidewalk or allow access through the garage, if true, may have been inhospitable, no reasonable juror could con-

clude that the aspects of the condition were so unavoidable that Joyce was effectively forced to encounter the condition.

Further, no evidence suggests that the condition was so unreasonably dangerous that it would create a risk of death or severe injury. Unrebutted evidence shows that there was no significant buildup of ice or snow. Indeed, Joyce testified that there was simply a "light" layer on the sidewalk. In other words, the common condition in this case was neither remarkable nor unavoidable and clearly does not represent the kind of "uniquely dangerous" condition that would warrant removing this case from the open and obvious danger doctrine, particularly because Joyce clearly appreciated the risk of harm and, nevertheless, chose to encounter the condition. Accordingly, the trial court correctly ruled that Joyce failed to raise a genuine issue of material fact, and no reasonable juror could conclude that the open and obvious condition in this case constituted an unreasonable risk of harm.

### D. GRANT OF SUMMARY DISPOSITION TO BARE SNOW AND GARLINGHOUSE

Joyce contends that the trial court erred in granting summary disposition to Bare Snow and Garlinghouse because genuine issues of material fact exist regarding whether they breached their duty to perform the snow removal contract with ordinary care.

Generally, " 'those foreseeably injured by the negligent performance of a contractual undertaking are owed a duty of care.' " *Auto-Owners Ins Co v Michigan Mut Ins Co*, 223 Mich App 205, 212; 565 NW2d 907 (1997), quoting *Osman v Summer Green Lawn*

*Care, Inc*, 209 Mich App 703, 708; 532 NW2d 186 (1995), overruled in part on other grounds in *Smith v Globe Life Ins Co*, 460 Mich 446, 455, n 2; 597 NW2d 28 (1999). "Duty of care not only arises out of a contractual relationship, but it also arises by operation of law, a general duty owed by defendant to the public of which plaintiff is a part." *Osman, supra* at 710. Under this theory, a "[b]reach of a contractual duty causes injury to a third party, who is then allowed to bring a tort action." *Commercial Union Ins Co v Medical Protective Co*, 426 Mich 109, 124, n 5; 393 NW2d 479 (1986).

Here, Joyce claims that Bare Snow and Garlinghouse, by negligently failing to shovel and salt the Rubins' walkway, breached their common-law duty to her because she was one foreseeably injured by their negligent performance. Joyce correctly states that Bare Snow and Garlinghouse owed a duty to her as one who could be foreseeably injured by their failure to properly perform. However, Joyce failed to establish a genuine issue of material fact regarding whether Bare Snow and Garlinghouse performed negligently under the contract or whether she was injured as a result of their negligent performance. The snow removal agreement between Bare Snow and Barry Rubin provides:

> We will furnish labor and equipment to push snow from the described surface to the sides of the serviced areas during the contract period. Work will be done when there is a snowfall of at least *2 inches*. [Emphasis in original.]

The agreement further provides that, in addition, Bare Snow and Garlinghouse will "shovel & salt walk to porch, shovel by garage door & salt drive." The con-

tract also contains a condition that Bare Snow and Garlinghouse does not assume liability for damages resulting from interruption of business operations and that it cannot guarantee removal of snow to the pavement surface.

Joyce relies on *Osman, supra,* to support her argument that Bare Snow and Garlinghouse owed a duty to maintain Barry Rubin's property in a reasonably safe manner, above and beyond the terms of the snow removal agreement. However, in *Osman,* the contract itself unambiguously "require[d] defendant to provide snow removal services in a reasonable manner" and stated that the defendant would be held "liable for its negligent conduct in the snow removal process." *Osman, supra* at 707. The *Osman* Court emphasized that the agreement "state[ed] that nothing in the agreement shall relieve defendant of liability for damages caused to persons as a result of defendant's negligence." *Id.* Here, the snow removal agreement does not provide any such general duty or a statement of assumed liability. Thus, Bare Snow and Garlinghouse's duty was a " 'common-law duty to perform with ordinary care the thing agreed to be done . . . .' " *Id.* at 708, quoting *Clark v Dalman,* 379 Mich 251, 261; 150 NW2d 755 (1967).

Plaintiff failed to present any evidence to establish that Bare Snow and Garlinghouse failed to perform, with ordinary care, the services unambiguously outlined in the contract. Ample testimony established that there was not "a snowfall of at least 2 inches" or even an accumulation of two inches. Barry and Debra Rubin testified that they did not observe two inches of snow accumulation and that they did not expect Bare Snow and Garlinghouse to shovel or salt. Fur-

ther, Joyce described the snow as "light" and testified that she did not know how much it snowed. Garlinghouse also testified that it did not snow two inches and climatological records show only a trace of snowfall and a trace of accumulation on the date of Joyce's fall.

Plaintiff did not present any evidence to establish that Bare Snow or Garlinghouse should have plowed or negligently failed to plow around the date of this incident. Therefore, the trial court correctly ruled that no issue of material fact exists regarding any breach of duty to plaintiff through a failure to exercise ordinary care in performing under the snow removal contract.

Affirmed.