# STATE OF MICHIGAN

# COURT OF APPEALS

DEMETRIA MOSES,

Plaintiff-Appellant,

v

ARBORS OF ALDINGBROOKE, LLC, doing
business as ALL SEASONS OF WEST
BLOOMFIELD,

Defendant-Appellee,

and

SUE'S LANDSCAPING, INC.,

Defendant.

UNPUBLISHED
January 24, 2017

No. 329635
Oakland Circuit Court
LC No. 2014-140622-NO

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

PER CURIAM.

Plaintiff appeals as of right a stipulated order of dismissal dismissing her premises liability action. We affirm.

Plaintiff challenges the trial court's order granting defendant's motion for summary disposition. Plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because a special aspect existed that would preclude application of the open and obvious doctrine to the alleged hazardous condition on defendant's premises. We disagree.

Defendant moved for summary disposition under MCR 2.116(C)(10). The trial court granted defendant's motion under MCR 2.116(C)(10), finding that there was no genuine issue of material fact. Motions for summary disposition are reviewed de novo. *Bonner v City of Brighton*, 495 Mich 209, 220; 848 NW2d 380 (2014). A court must consider the pleadings, depositions, affidavits, admissions, and other documentary evidence which has been filed by the parties in a light most favorable to the nonmoving party when deciding whether to grant a motion for summary disposition under MCR 2.116(C)(10). *Id*. "Summary disposition is appropriate under MCR 2.116(C)(10) if, '[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter

-1-

of law.' " *Id*., citing MCR 2.116(C)(10). " 'A genuine issue of material fact exists when, viewing the evidence in a light most favorable to the nonmoving party, the record which might be developed . . . would leave open an issue upon which reasonable minds might differ.' " *Id*., citing to *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013).

A premises liability claim is distinguishable from an ordinary negligence claim in that a defendant's duty arises from being an owner, possessor, or occupier of land, rather than from a duty to conform to a standard of care while performing a certain activity. *Lymon v Freedland*, 314 Mich App 746, 756; 887 NW2d 456 (2016). Thus when a condition of the land, such as an icy driveway, leads to injury, the claim is based in premises liability. *Id.* Here, plaintiff alleges that she was injured when she slipped on defendant's icy sidewalk. An icy sidewalk is a condition of the land. Thus, premises liability is the appropriate framework under which to analyze plaintiff's claim.

A premises possessor owes a duty to invitees to use reasonable care in protecting them from "unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). An invitee is a person who has an invitation to enter the land. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). A landowner has a duty to warn the invitee of any known dangers and to keep the premises safe. *Id*. A premises possessor is liable for harm resulting from breaching this duty of care if it knows or should know of the dangerous condition *and* the invitee is *unaware* of the condition. *Hoffner*, 492 Mich at 460. A premises possessor is not liable, however, for a dangerous condition that is open and obvious, because the invitee is aware of the dangerous condition and should make a reasonable effort to protect themselves. *Id*. at 460-461. Whether a snow or ice condition is open and obvious turns on whether a reasonably prudent person under the circumstances would see the condition as posing a risk to their safety. *Id*. at 464.

A condition that is open and obvious may, nonetheless, pose such an unreasonable risk of harm that a premises possessor will still be held liable. *Id*. at 461-462. Likewise, "if the condition is open and obvious, a plaintiff who is injured by the condition may avoid summary disposition only if there are special aspects to the condition." *Id*. at 464. Our Supreme Court has noted two instances where "special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Id*. at 462. "[T]he standard for "effective unavoidability" is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Id*. at 469. In other words, where a person has a choice to avoid the dangerous condition, it is not effectively unavoidable. *Id*. The Court reminds us that "exceptions to the open and obvious doctrine are *narrow* and designed to permit liability for such dangers only in *limited*, extreme situations." *Id*. at 472.

Plaintiff slipped and fell on ice on the sidewalk outside defendant's assisted living facility, just before her overnight shift as an emergency monitor ended. Plaintiff admitted that she was aware of the ice on the sidewalk. Additionally, she knew that it was freezing out, saw it snow, and observed frost on the windshields of cars outside. A reasonably prudent person under the circumstances would recognize that the sidewalk was icy and that this could pose a slip-and-fall hazard. As a longtime Michigan resident, plaintiff was aware that this type of weather could mean slippery conditions. Plaintiff also admitted to walking carefully on the ice so that she

would not fall. Plaintiff was aware of the ice and aware that it could cause her to fall. Therefore, there is no genuine issue of material fact that the dangerous condition was open and obvious.

Thus, the primary issue is whether the icy sidewalk was effectively unavoidable, thereby creating an unreasonable risk of harm, which would preclude application of the open and obvious doctrine. Plaintiff fell on her way back into the building after going outside to warm her car up. In her deposition, plaintiff admitted that there were several routes back to the building. In her response to defendant's motion for summary disposition, plaintiff argued that while there may have been alternate routes, it is speculation whether any of these routes, including walking across grass "saturated with water and ice," were any safer than walking on the sidewalk. In plaintiff's deposition, when asked why she did not choose to walk across the grass, plaintiff answered that "[t]he grass was very wet." Plaintiff did not state that she had any concern about the grass being slippery.

Additionally, plaintiff argued that there was only one unlocked door back into the building, further implying that she did not have a choice in her route back to the building. In her deposition, however, plaintiff stated that there were several entrance and exit doors, all of which she could use if she wanted to. She also confirmed that she only chose that particular door because that is where she parked.

Lastly, plaintiff argued that because she had to retrieve her personal belongings from the building, the icy sidewalk was effectively unavoidable. In support of her argument, plaintiff relies on an unpublished case; however, unpublished opinions are not binding on this Court and there are precedential cases that provide better guidance in this matter.

In *Lymon*, this Court specifically discusses the idea of walking on grass as an alternate route where the defendant's driveway was covered in snow and ice. *Lymon*, 314 Mich App at 761-762. There, the plaintiff was employed as an aide for an elderly lady in the defendant's residence. *Id*. at 1. In order to reach her patient, the plaintiff had to walk up a very steep snow-and-ice covered driveway or a very steep snow-and-ice-covered yard. *Id*. at 8. This Court found that the plaintiff was compelled to enter the premises to assist her patient, who required the plaintiff's care. *Id*. This Court also considered whether the plaintiff had an alternate route through the yard and reasoned that there was "a question of fact as to whether the yard provided a viable alternative route" because the yard was steep and also presented a slippery hazardous condition. *Id*. at 9. This Court contrasted this plaintiff's circumstances with the plaintiff in *Joyce v Rubin*, 249 Mich App 231, 238; 642 NW2d 360 (2002), where the plaintiff slipped and fell on the defendant's snowy sidewalk while trying to retrieve her personal belongings. *Lymon*, 314 Mich App at 761. In *Joyce*, this Court reasoned that the plaintiff could have retrieved her belongings another day or could have used an alternate route to access the house, even though plaintiff argued that the defendants refused her access to an alternate route. *Id*. at 7. Therefore, in *Lymon*, this Court held that there was a question of fact as to whether the dangerous condition was effectively unavoidable where the plaintiff was confronted with potentially dangerous conditions for all routes to the house. *Id.* at 9.

This case is distinguishable from *Lymon*. Unlike the plaintiff in *Lymon*, plaintiff did have an alternate route back to the building. Plaintiff testified that she had alternate routes back to the building. Even if we were to assume that other sidewalks or paved surfaces were also icy,

-3-

plaintiff stated that her reason for not walking across the grass was that it was "very wet." She did not express concern that the grass was slippery or created any other hazard. Like the plaintiff in *Joyce*, plaintiff had an alternate route to the building. Therefore, even if plaintiff were compelled to go back to the building, she had an alternate route. Thus, the dangerous condition was avoidable.

In summary, the evidence demonstrates that plaintiff chose to cross the icy sidewalk multiple times, despite being aware of the ice and the potential for falling and having the choice not to do so. Plaintiff chose to go warm her car and walk back to the building (and would have likely crossed the ice a third time on her way back out to her car had she not slipped and fell), rather than make one trip out to her car at the end of her shift. Even viewing the evidence in the light most favorable to the plaintiff, it is hard to ignore that plaintiff's deposition testimony, which was under oath, does not exactly line up with her arguments in her response to defendant's motion for summary disposition. Under oath, plaintiff admitted that there were alternate routes back to the building, including the grass, but she chose to cross the icy sidewalk to her car and back, fully aware that she could slip and fall. This Court has held that where a plaintiff has the choice whether to confront a hazardous condition, the condition is not effectively unavoidable. *Hoffner*, 492 Mich at 469. Therefore, the trial court correctly found that there was no genuine issue of material fact as to whether the hazardous condition was open and obvious and that there were no special aspects that would preclude application of the open and obvious doctrine.

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Henry William Saad

-4-