# STATE OF MICHIGAN

# COURT OF APPEALS

CHERYLE DUFFY,

        Plaintiff-Appellee,

v

JOHN KINNAMON,

        Defendant-Appellant.

UNPUBLISHED
November 21, 2017

No. 333578
Oakland Circuit Court
LC No. 2015-148673-NO

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Defendant appeals by leave granted an order denying his motion for summary disposition in this slip and fall premises liability case. We reverse and remand for entry of an order granting defendant's motion for summary disposition.

On September 14, 2012, plaintiff was in defendant's backyard sitting by a fire that had been made in defendant's fire pit. The fire pit had been constructed that day and consisted of a corrugated metal fire ring set in a hole surrounded by a circular wall of landscaping blocks that was about nine inches tall.[1] The area around the fire pit was covered with pea gravel. In fact, plaintiff had helped spread and pat down that gravel the previous day. Plaintiff had been dating defendant off and on since about 2004, and had been to defendant's home hundreds of times.

On the night she fell, plaintiff and defendant were sitting in chairs by the fire pit drinking wine. Plaintiff was wearing rubber flip flop sandals and had her feet resting on top of the block wall surrounding the fire ring. At some point, plaintiff felt too hot and decided to move her chair further away from the fire as defendant was walking toward his house to get something. Plaintiff stood up, then turned around to grab the arms of the chair to move it, with her feet between the chair and the fire pit. As she leaned over to take ahold of the chair, her feet started sliding backwards on the gravel, down a slight slope, until she lost her balance and fell backwards into the fire pit causing her to sustain significant burns.

---

[1] Defendant testified in his deposition that, contrary to plaintiff's testimony, the fire pit had been completed in August and had even been used on Labor Day.

-1-

Subsequently, plaintiff sued defendant. In her first amended complaint, plaintiff alleged theories of negligence and premises liability. In particular, plaintiff alleged that defendant knew or should have known that the pea gravel immediately adjacent to the fire pit was unstable but failed to warn or protect plaintiff from the dangerous condition. Further, defendant's conduct in lighting a fire in an unsafe fire pit was negligent.

Defendant filed a motion for summary disposition under MCR 2.116(C)(10), arguing that plaintiff was a licensee when she fell into the fire pit. The duty owed to a licensee is to warn of any hidden dangers involving an unreasonable risk of harm that the landowner knows or has reason to know of, and then only if the licensee does not know or have reason to know of the hidden danger and the risk involved. The landowner owes no duty of inspection or affirmative care to make the land safe for the licensee's visit. In this case, defendant argued, he did not breach any duty owed to plaintiff because she knew of the gravel around the fire pit and actually helped place it there so she knew or had reason to know of any danger associated with maneuvering on gravel. Further, defendant sat in the same location as plaintiff, in a chair on the gravel near the fire pit and, thus, clearly had no idea of any hidden danger involving an unreasonable risk of harm otherwise he would not have done so. Moreover, any purported defect or hazard created by the gravel was open and obvious upon casual inspection. Accordingly, defendant argued, plaintiff's case must be dismissed.

Plaintiff filed a response to defendant's motion and argued that the pea gravel that was on the ground around the fire pit was unstable yet uniform in appearance which created an unreasonably dangerous, and not open and obvious, condition. By the very nature of pea gravel, it blends together so that an area that is sloped is not readily observable. Consequently, when plaintiff attempted to move her chair, she slid backwards on the pea gravel, down the slight slope, lost her balance, and fell into the fire pit. Accordingly, defendant was not entitled to summary disposition of plaintiff's claims.

Defendant replied to plaintiff's response to his motion, arguing that plaintiff, as a licensee who helped spread the pea gravel around the fire pit and had walked on the gravel, knew or had reason to know about the nature of pea gravel when it is stepped on. Thus, defendant did not breach any duty owed to her by failing to warn her about the allegedly dangerous pea gravel around the fire pit. Further, defendant had no reason to know that such condition posed an unreasonable risk of harm to plaintiff or that she would not have discovered or realized the purported danger. Thus, plaintiff's case should be dismissed.

Following oral arguments, the trial court took the matter under advisement and subsequently issued an opinion denying defendant's motion for summary disposition. The court held that a genuine issue of material fact existed relative to (1) whether any hidden danger existed on defendant's premises that he should have warned plaintiff about and (2) whether the "defectively placed gravel surrounding the subject fire pit" constituted an open and obvious condition without special aspects that would make the condition or risk unreasonably dangerous. An order was entered consistent with the court's decision. Defendant filed a motion for reconsideration, which was denied. Thereafter, defendant filed an application for leave to appeal the trial court's decision, which was granted. *Duffy v Kinnamon*, unpublished order of the Court of Appeals, entered July 21, 2016 (Docket No. 333578).

Defendant argues that his motion for summary disposition should have been granted because there is no genuine issue of material fact that any danger associated with the pea gravel around the fire pit was open and obvious, actually known to plaintiff, and did not present any special aspects which would create an unreasonable risk of harm. We agree.

We review de novo a trial court's decision to grant a motion for summary disposition. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Id*.; *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

In a premises liability action, a plaintiff must prove that the defendant owed the plaintiff a duty, which was breached, and was the proximate cause of the plaintiff's injury and damages. *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006).[2] The nature of the duty owed by the defendant depends on the status of the plaintiff visitor at the time of the injury. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000).

In this case, it is undisputed that plaintiff was a social guest at defendant's home so she was a licensee and not a business invitee or an uninvited trespasser. See *id*. "A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved. The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit." *Id*. Premises possessors are not insurers charged with a duty to guarantee the safety of all persons who come on their land. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). Accordingly, a landowner has no duty to warn or protect a licensee from open and obvious conditions because "the 'open and obvious' danger principle establishes awareness and thus ability to avoid the danger." *Haas v Ionia*, 214 Mich App 361, 362; 543 NW2d 21 (1995).

A danger is considered "open and obvious" if it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection. *Joyce v Rubin*, 249 Mich App 231, 238-239; 642 NW2d 360 (2002). This standard calls for an examination of "the objective nature of the condition of the premises at issue." *Hoffner*, 492 Mich at 461, quoting *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 523-524; 629 NW2d 384 (2001). Despite the open and obvious nature of a condition, liability may arise where special aspects of a condition make even an open and obvious risk unreasonable. *Id*. at 517. Under that narrow "special aspects" exception "there could exist a condition that presents a risk of harm that is so unreasonably high that its presence is inexcusable, even in light of its open and obvious nature." *Hoffner*, 492 Mich at 462.

---

[2] Although plaintiff brought a negligence claim in her complaint, because her injury arose from an allegedly dangerous condition on the land, the action sounds solely in premises liability—even when the defendant allegedly created the condition giving rise to the injury. *Buhalis v Trinity Continuing Care Svcs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). And plaintiff does not argue otherwise on appeal.

In this case, the allegedly dangerous condition was the pea gravel surrounding the fire pit which was uniform in appearance yet unstable and slightly sloped toward the fire pit; thus, when plaintiff attempted to move her chair, her feet slid backward on the pea gravel toward the fire pit, causing her to lose her balance and fall. It appears then that, according to plaintiff, the "hidden danger" that defendant should have warned her about was the slippery or unstable nature of the pea gravel surrounding the fire pit. But plaintiff knew or had reason to know of the slippery or unstable nature of the pea gravel because she admittedly had spread it, patted it down, and walked on it before her accident. See *Stitt*, 462 Mich at 596. Plaintiff would have seen that pea gravel is made of small round stones which make a fluid, non-flat surface and, when it is stepped on, it moves under the feet. She would have also seen that the pea gravel was not compacted or completely level like a concrete base or patio might be made—regardless of the gravel's allegedly uniform-appearing surface. And to the extent that plaintiff claims there was any other "hidden danger" associated with the pea gravel, plaintiff failed to establish that defendant knew or had reason to know of it.

In summary, the trial court erroneously concluded that a genuine issue of material fact existed relative to whether any hidden danger existed on defendant's premises about which he should have warned plaintiff. Any danger associated with the allegedly dangerous pea gravel surrounding the fire pit was either known, or should have been known, by plaintiff and plaintiff failed to establish that defendant knew of should have known of any other "hidden danger" that warranted a warning. See *id*.

Further, to the extent that the pea gravel surrounding the fire pit could be considered a "dangerous condition," it was open and obvious. That is, an average person with ordinary intelligence would have discovered—even at a casual glance—that the pea gravel was not a solid surface; rather, it was a fluid, non-flat, unstable surface made of small round stones about the size of peas. See *Hoffner*, 492 Mich at 461. Because of its nature, when stepped on, pea gravel gives and shifts unlike a solid concrete surface. And when plaintiff spread, patted down, and walked on the pea gravel, its characteristics would have been made even more obvious. In any case, a reasonable person in plaintiff's position would have foreseen any danger or hazard posed by walking or standing on pea gravel—including the risk of sliding or slipping on the loose, unstable gravel. See *Joyce*, 249 Mich App at 231-232.

And plaintiff failed to establish that the loose pea gravel surface around the fire pit presented a risk of harm so unreasonably high that its presence was inexcusable and gave rise to a duty to protect plaintiff from it despite its open and obvious nature. See *Hoffner*, 492 Mich at 462. In other words, the facts presented no special aspects to the condition. The pea gravel surface surrounded a garden-variety fire pit. Plaintiff could have avoided the risk of slipping or sliding on the pea gravel and falling into the fire pit by not standing so close to the fire pit or by exercising caution while walking or standing close to the fire pit. This is not the type of limited, extreme situation contemplated by the special aspects exception to the open and obvious doctrine. See *id*. at 472.

In summary, the trial court erroneously concluded that a genuine issue of material fact existed relative to whether special aspects of the pea gravel surrounding the fire pit made even the open and obvious risk unreasonable so that defendant had a duty to protect plaintiff from that unreasonable risk of harm.

Reversed and remanded for entry of an order granting defendant's motion for summary disposition. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola