*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

SUSAN POUGH,

Plaintiff-Appellant,

v

29TH STREET HOSPITALITY, INC., doing business as SLEEP INN & SUITES OF GRAND RAPIDS,

Defendant-Appellee.

UNPUBLISHED
June 11, 2020

No. 346279
Kent County Circuit Court
LC No. 17-005214-NO

Before: K. F. KELLY, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

In this slip-and-fall case, plaintiff appeals as of right the trial court's order granting summary disposition to defendant under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

This case arose out of a slip-and-fall accident that occurred while plaintiff was visiting a friend who was a guest at defendant's hotel premises. According to plaintiff, she mentioned to defendant's maintenance employee that the first floor was "kind of like tacky, sticky, slippery," but the maintenance worker ignored her. Plaintiff stated that the floor did not look wet to her, but she remembered a sticky or wet feeling. Plaintiff further stated that she did not remember seeing a bucket, mop, tripods, runners, or antislip mats nearby in the lobby area or while walking to the elevator on the first floor.

Plaintiff took the elevator to the second floor, where her friend was staying, and did not notice anything being wet or recently cleaned. Plaintiff stated that she did not see any "wet floor" signs or any red signs on any of the walls or doors. After taking several steps and not having any issues, she was not concerned about the walking surface on the second floor being wet or sticky. Plaintiff stated that the carpet in the corridor leading to her friend's room did not appear to be damp, she did not notice any soap residue, and there was no indication that service, maintenance, cleaning, or shampooing on the carpeting was taking place. Plaintiff further stated that, although the carpet did not appear to be wet, it would be very hard to discern because it was patterned.

When plaintiff returned to the elevator after visiting her friend, she slipped when transitioning between the carpet in the hallway and the tile in the elevator lobby. She said that it was like stepping on oil. Plaintiff's friend also slipped but was able to catch himself before falling. Plaintiff also testified that a gentleman who came to help her said that the area was "slippery as snot," and two other hotel patrons also commented that the floor was slippery. Plaintiff suffered a left knee fracture from the fall.

The hotel manager testified that the carpets had recently been cleaned and that, before plaintiff's fall, she had placed red warning signs throughout the hotel, including near the elevators, notifying patrons that the floor may be wet. She stated that she placed the signs on the exterior doors, the "stairs up both hallways," the "doors going to the hallways," and "between the two elevator shafts," and that the signs read something to the effect of "Attention. Wet Floors." A photograph of plaintiff sitting in the location where she slipped and fell showed a red sign hanging directly above her head. The hotel manager confirmed that this was one of the warning signs that she had posted.

Defendant moved for summary disposition, arguing that plaintiff was a licensee and that the allegedly dangerous condition was open and obvious. The trial court granted defendant's motion, stating that it was not necessary to determine whether plaintiff was a licensee or an invitee because the condition was open and obvious. Additionally, the trial court noted that wet carpet lacked any special aspect that made it an unavoidable hazard or uniquely dangerous.

This appeal followed.

## II. ANALYSIS

## A. OPEN AND OBVIOUS

Plaintiff first argues that the trial court erroneously granted summary disposition because the dampness of the freshly-cleaned carpets was not open and obvious. This argument is without merit.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Auto Club Group Ins Co v Burchell*, 249 Mich App 468, 479; 642 NW2d 406 (2001). When reviewing a trial court's grant of summary disposition under MCR 2.116(C)(10), we consider the evidence to determine whether there is a genuine issue of material fact. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). An issue of fact exists when the record, giving the benefit of reasonable doubt to the nonmoving party, leaves open an issue upon which reasonable minds might differ. *Id*. at 139-140.

Assuming arguendo that plaintiff was an invitee, we nonetheless conclude that the trial court properly granted summary disposition to defendant because the condition on which she slipped and fell was open and obvious. "A landowner must exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 409; 864 NW2d 591 (2014) (cleaned up). This duty, however, "does not generally encompass removal of open and obvious dangers." *Joyce v Rubin*, 249 Mich App 231, 238; 642 NW2d 360 (2002) (cleaned up). A "landowner does not have

to protect invitees from open and obvious dangers, because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Bullard*, 308 Mich App at 409 (cleaned up). A danger is open and obvious if "it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). This is an objective inquiry in which this Court looks not to whether plaintiff should have known that the condition was hazardous, but to whether a reasonable person in her position would foresee the danger. *Joyce*, 249 Mich App at 238-39 (cleaned up).

In this case, plaintiff and her friend left the hotel room on the second floor of defendant's premises to exit the building. When plaintiff was transitioning between the carpet of the hallway and the tile in front of the elevator, she slipped; she stated it was like "stepping on oil." Defendant's general manager testified that she placed six red warning signs on each floor of the hotel to warn patrons of the wet floor. Photographic evidence demonstrated that one of these signs was hanging directly above plaintiff's head where she slipped and fell.

Objectively viewing the facts of this case, reasonable minds could not disagree that defendant exercised reasonable care. See *Zaher*, 300 Mich App at 139. Defendant's manager placed warning signs, and plaintiff's deposition testimony established that she knew the first floor of defendant's premises was "slippery." Based on these facts, it is reasonable to expect that an average person with ordinary intelligence would have discovered, upon casual inspection, that the transition between the carpet and the tile floor could have been slippery. See *Lanctoe*, 492 Mich at 461. The trial court correctly ruled that the condition on which plaintiff fell was open and obvious.

## B. EFFECTIVELY UNAVOIDABLE

Plaintiff next argues that, even if the condition was open and obvious, the condition was effectively unavoidable. This argument is also without merit.

"[T]he general rule is that a premises possessor is not required to protect an invitee from open and obvious dangers, but, if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384 (2001). If special aspects of an open-and-obvious condition make it "effectively unavoidable," then "the openness and obviousness of the condition" will not bar liability. *Id*. at 517-518.

Plaintiff argues that the slippery condition was effectively unavoidable, even if she would have gone the other direction down the hallway and used the stairs when she exited her friend's room. Additionally, plaintiff argued that it was effectively impossible for a person to exit their room at defendant's premises without encountering a dangerous, slippery condition. Plaintiff contends that the facts of this case mirror the hypothetical situation that our Supreme Court provided in *Lugo* that constituted an unavoidable danger. We find this argument unpersuasive. Unlike in *Lugo*'s hypothetical, the present case does not deal with a situation in which standing water is covering the floor and there is only one exit. Here, based on plaintiff's deposition testimony, the floors were wet, but passable. Further differentiating this case from *Lugo*, there

was more than one exit because plaintiff could have used the stairs rather than the elevator. Although plaintiff argues that the "same slippery conditions" would have existed "at the other end of the hallway," there is no record evidence to that effect.

Accordingly, plaintiff's only asserted basis for concluding that the wet floors were dangerous was that she did not see any signs or warning cones. Plaintiff has not established that the wet floors presented an unreasonable risk of harm. See *Bertrand v Alan Ford, Inc*, 449 Mich 606, 621; 537 NW2d 185 (1995). Therefore, plaintiff has failed to show the existence of a special aspect of the open and obvious wet floors. *Lugo*, 464 Mich at 519. The trial court properly granted summary disposition in favor of defendant.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle