# STATE OF MICHIGAN

# COURT OF APPEALS

CHERYL DORSEY,

　　　　　Plaintiff-Appellant,

v

TAUBMAN AUBURN HILLS ASSOCIATES, a
Limited Partnership,

　　　　　Defendant-Appellee.

UNPUBLISHED
April 13, 2017

No. 330690
Oakland Circuit Court
LC No. 2014-142098-NO

Before: O'CONNELL, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals by right the trial court's order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendant. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises out of a trip and fall outside of the entrance to the Great Lakes Crossing Mall ("the Mall") owned by defendant. On August 6, 2013, plaintiff and her friend Vanessa Clark went to the Mall to pick up carryout food, arriving at approximately 1:45 p.m. While walking to the entrance to the Mall, plaintiff's left shoe got caught in a strip of sealant that had been placed in a seam of the concrete sidewalk. She fell and was injured.

Plaintiff filed suit, alleging that defendants improperly repaired the sidewalk joint with a pliable sealant or caulk that compressed when she stepped on it and caused her fall. Plaintiff testified in her deposition that she thought, before she stepped on the repaired area, that the filler material was solid. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that plaintiff's claim was barred because the condition was open and obvious and there were no special aspects about the condition to prevent application of the open and obvious doctrine. In her answer, plaintiff included a report from a proposed expert witness, Steven J. Ziemba of Comprehensive Risk Analysis, Inc., who examined the scene after the accident. The report indicated that "[t]he excessive width and depth of the intersecting concrete joints created a hole or unevenness in the pavement" and that "[t]he amount of soft caulking compound used failed to fill the gap or provide sufficient support for normally imposed pedestrian traffic." Ziemba further stated in his report that there was "an intersection of joints creating a wide gaping discontinuity up to two inches in width" at the accident site and that "[t]he defendant chose to

-1-

use a caulking compound suitable for repairing small sidewalk cracks" to address the issue. Ziemba opined that "[b]ecause cured caulk remains soft, spongy and easily punctured, caulk should not be used to fill wide joints or cracks" and that "[c]racks or wide sidewalk joints that exceed ¾ inches must be filled with a cement product, such as a concrete patch or mortar." Ziemba also opined that "[f]ailure to properly maintain this section of pavement created an unreasonable risk of harm for business invitees such as [plaintiff]." Defendant filed a motion in limine to preclude Ziemba from testifying as an expert witness under MRE 702, arguing that expert testimony was not necessary to resolve the issue of openness and obviousness.

After a hearing, the trial court granted defendant's motion for summary disposition in a written opinion, concluding that the condition was open and obvious and that the condition created a risk of harm only because plaintiff failed to realize its danger. The trial court did not explicitly rule on defendant's motion in limine. Plaintiff filed a motion for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law. In making this determination, the Court reviews the entire record to determine whether defendant was entitled to summary disposition." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A motion pursuant to MCR 2.116(C)(10) is reviewed "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "The moving party must specifically identify the matters that have no disputed factual issues, and it has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence. The party opposing the motion then has the burden of showing by evidentiary materials that a genuine issue of disputed material fact exists." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440-441; 814 NW2d 670 (2012) (citations omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183.

"The threshold issue of the duty of care in negligence actions must be decided by the trial court as a matter of law." *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 95; 485 NW2d 676 (1992). "Because the issue of the openness and obviousness of a hazard is an 'integral part' of the question of duty, establishing whether a duty exists in light of the open and obvious nature of a hazard is an issue within the province of the court." *Hoffner v Lanctoe*, 492 Mich 450, 476; 821 NW2d 88 (2012) (footnotes omitted). "[I]t is only when an open and obvious hazard is in some manner *unreasonable* that there is a question of fact for the jury." *Id*. (footnote omitted). We review matters of law de novo. *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 477; 760 NW2d 287 (2008).

## III. ANALYSIS

On appeal, plaintiff argues that the trial court erred by granting summary disposition based on the open and obvious doctrine. We disagree.

"In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee[1] from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, a premises possessor generally does not have a duty to protect an invitee from open and obvious dangers. *Id*. at 516, 517. "When a potentially dangerous condition is wholly revealed by casual observation, the premises owner owes its invitees no duty to warn of the danger's existence." *Price v Kroger Co of Mich*, 284 Mich App 496, 500; 773 NW2d 739 (2009) (quotation marks and citation omitted). In determining whether a danger is open and obvious, the question is whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp*, 198 Mich App 470, 475; 499 NW2d 379 (1993). This is an objective standard, calling for an examination of the objective nature of the condition of the premises at issue." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012) (quotation marks and citation omitted). "Because the test is objective, this Court look[s] not to whether plaintiff should have known that the [condition] was hazardous, but to whether a reasonable person in his position would foresee the danger." *Joyce v Rubin*, 249 Mich App 231, 238-239; 642 NW2d 360 (2002) (quotation marks and citation omitted; alterations in the original).

Notwithstanding that a hazard may be discernable by a reasonable person in plaintiff's position, "if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo*, 464 Mich at 517. "The special aspects that cause even open and obvious conditions to be actionable are those that make the conditions 'effectively unavoidable,' or those that 'impose an unreasonably high risk of severe harm.' " *Slaughter*, 281 Mich App at 478. "[T]he standard for 'effective unavoidability' is that a person, for all practical purposes, must be required or compelled to confront a dangerous hazard," and "situations in which a person has a choice whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Hoffner*, 492 Mich at 469. "[N]either a common condition nor an avoidable condition is uniquely dangerous." *Id*. at 463.

Plaintiff tripped on a joint between adjacent slabs of a concrete walkway that had been repaired with some type of pliable caulk or sealant material. These sorts of joints and cracks in concrete sidewalks and walkways, repaired with a variety of materials, are an "everyday occurrence," much like potholes in a parking lot. *Lugo*, 464 Mich at 523. It is common to notice

---

[1] That plaintiff was a business invitee of the Mall is not in dispute; plaintiff went to the Mall with Clark for the purpose of purchasing carry-out food and was therefore on the premises for a business purpose. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000).

unevenness and other imperfections in the walking surface, caused by various features or conditions of the land, at the joints between slabs of a concrete sidewalk or walkway. A reasonably prudent person would be aware that joints, cracks, or other uneven areas of a sidewalk can present a tripping hazard. See, e.g., *Weakley v City of Dearborn Hts*, 240 Mich App 382, 383-384, 385; 612 NW2d 428 (2000). Based on the photographs submitted into evidence by both parties, the repaired joint in the sidewalk at issue in this case was clearly visible, and the material used to fill and repair the gap was of a noticeably different color than the surrounding concrete. The pictures also show the unevenness of the slabs and joint area, as well as a vertical height difference between the top of the concrete slabs and the surface of the material used to fill the joint. Indeed, plaintiff admitted that she saw the repaired area as she was walking, yet proceeded to step on it. In sum, like ordinary steps and potholes, deteriorating sidewalk joints and various imperfections in a concrete walking surface are ordinary features that people frequently encounter during the course of their everyday lives and that can be easily observed by a reasonably prudent person. See *Lugo*, 464 Mich at 523; *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995). The trial court did not err by holding that the condition was open and obvious, because an average user with ordinary intelligence could have discovered, after a casual inspection, the presence of the repaired area and the accompanying risk of tripping. *Novotney*, 198 Mich App at 475.

Additionally, there were no special aspects of the type that would remove the condition from the open and obvious doctrine. The photographs submitted into evidence show that the repaired joint was in the middle of a wide-open area and could have been avoided with minimal effort. Thus, although plaintiff thought that the joint was filled with a solid non-pliable material, plaintiff was not "compelled" to step on the joint, and the repaired joint was clearly not "effectively unavoidable." *Hoffner*, 492 Mich at 469; see also *Joyce*, 249 Mich App at 242-243. There was nothing about the surrounding circumstances that would have made it difficult for plaintiff to successfully navigate the small repaired area. See *Bertrand*, 449 Mich at 623-624. Furthermore, unlike the risk of harm presented by "an unguarded thirty foot deep pit," the risk of harm presented by tripping on an ordinary sidewalk joint repair like the one at issue here is not a "substantial risk of death or severe injury." *Lugo*, 464 Mich at 518. Common, avoidable conditions are not uniquely dangerous. *Hoffner*, 492 Mich at 463.

Although plaintiff argues that she thought that the filler material was solid rather than pliable and did not realize that her foot would sink in, there was nothing hiding the nature of the filler material or preventing her from discovering its pliable nature. Cf. *Hughes v PMG Bldg, Inc*, 227 Mich App 1, 11-12; 574 NW2d 691 (1997) (where the stability of the support for an overhang was obscured from sight). There also were bumps, imperfections, and signs of unevenness in the surface that were visibly present. As previously stated, the test for whether a condition is open and obvious is an objective one, *Hoffner*, 492 Mich at 461, and a reasonably prudent person could have seen that there was some risk of tripping at this joint and avoided it. Moreover, it is not "unusual" to repair the joints of a sidewalk with materials like pliable caulk or sealant or for repaired sidewalk joints to be somewhat uneven, and this factor therefore does not negate the applicability of the open and obvious doctrine. See *Lugo*, 464 Mich at 522.

Even after giving plaintiff the benefit of reasonable doubt, reasonable minds could not differ in concluding that an ordinary person's casual inspection would have revealed the condition of the sidewalk area and that the repair was therefore open and obvious. *West*, 469

Mich at 183. An unreasonably dangerous hazard "must be *more than* theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances." *Hoffner*, 492 Mich at 472. Moreover, even accepting the evidence in Ziemba's report as true, that the repair should have been made with a cement product rather than caulk because of the size of the crack, the report does not alter our conclusion. Plaintiff concedes that Ziemba's legal conclusion that the sealant upon which plaintiff tripped was unreasonably dangerous was improper and objectionable. See *Keywell and Rosenfeld v Bithell*, 254 Mich App 300, 338; 657 NW2d 759 (2002). Similarly, Ziemba's conclusions that the hazard was not "cognizable, detectable, or observable upon casual inspection by ordinary citizens" also was improper because Ziemba had no "specialized knowledge" of the hazard that would place him in a superior position to the trial court to determine whether the legal criteria for openness and obviousness had been satisfied. *Id.* And nothing in Ziemba's report, even viewed in the light most favorable to the plaintiff, created a genuine issue of material fact regarding the open and obvious nature of the hazard, so as to prevent the trial court from deciding the issue as a matter of law. *Hoffner*, 492 Mich at 476. Our conclusion to uphold the trial court's determination is therefore not altered by Ziemba's report.

Finally, the fact and severity of plaintiff's injury is "immaterial to whether an open and obvious danger [was] . . . unreasonably dangerous." *Lugo*, 464 Mich at 518 n 2. Defendant simply did not have a duty to protect plaintiff from this open and obvious condition. *Id.* Accordingly, summary disposition was proper under MCR 2.116(C)(10) because there is no genuine issue of material fact regarding whether the condition at issue was open and obvious, and defendant is entitled to judgment as a matter of law. *Latham*, 480 Mich at 111; *West*, 469 Mich at 183.

Affirmed.


/s/ Peter D. O'Connell
/s/ Mark T. Boonstra