HAAS v CITY OF IONIA

Docket No. 167640. Submitted August 3, 1995, at Grand Rapids.
 Decided November 21, 1995, at 9:15 A.M. Leave to appeal
 sought.

 Nancy M. Haas brought an action in the Ionia Circuit Court
 against the City of Ionia, seeking damages for injuries sus-
 tained when she fell on a public sidewalk in the city. The court,
 Charles W. Simon, Jr., J., granted summary disposition for the
 city on the basis of the open and obvious danger rule after the
 testimony indicated that the plaintiff had been aware of the
 condition of the sidewalk for six years. The plaintiff appealed.

 The Court of Appeals *held:*

 A municipality has a statutory obligation to keep highways
 and sidewalks in good repair so that they are reasonably safe
 for public travel. The openness and obviousness of the danger
 does not absolve a municipality of its statutory obligation to
 repair its sidewalks and highways. However, the city may
 argue that the openness and obviousness of the danger estab-
 lishes comparative negligence on the plaintiff's part.

 Reversed and remanded.

MUNICIPAL CORPORATIONS — HIGHWAYS — SIDEWALKS — OPEN AND
 OBVIOUS DANGERS.

 The statutory obligation imposed on a municipality to keep
 highways and sidewalks in good repair so that they are reason-
 ably safe for public travel is not absolved by the danger being
 open and obvious (MCL 691.1402[1]; MSA 3.996[102][1]).

*James E. Gould & Associates, P.C.* (by *James E.
Gould* and *Todd R. Bohnenstiehl*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani*
and *Susan Klooz*), for the defendant.

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 347, 387, 397; Munic-
 ipal, County, School, and State Tort Liability §§ 287, 288; Negli-
 gence §§ 388, 870, 1103, 1211.
See ALR Index under Highways and Streets; Municipal Corpora-
 tions; Negligence.

Before: BANDSTRA, P.J., and MARKEY and J. T. HAMMOND,* JJ.

PER CURIAM. Plaintiff tripped, fell, and sustained serious injuries on a public sidewalk in the City of Ionia. She sued for damages in the Ionia Circuit Court, which granted the city's motion for summary disposition pursuant to MCR 2.116(C)(10) on the basis of the "open and obvious" danger rule. See, e.g., *Bertrand v Alan Ford, Inc,* 449 Mich 606; 537 NW2d 185 (1995). We reverse.

Plaintiff's deposition testimony was to the effect that, for six years, she and her friends had discussed how the sidewalk in this particular location was grossly defective, with broken and jagged chunks of concrete jutting every which way. The circuit court reasoned that, accordingly, with regard to plaintiff, the danger was "open and obvious."

In an ordinary premises liability situation, the landowner has no duty to make repairs, but merely a duty to protect invitees and licensees from unreasonable dangers of which they may be unaware; the "open and obvious" danger principle establishes awareness and thus ability to avoid the danger. *Riddle v McLouth Steel Products Corp,* 440 Mich 85, 96; 485 NW2d 676 (1992); *White v Badalamenti,* 200 Mich App 434, 437; 505 NW2d 8 (1993). With regard to highways, including, with respect to municipalities, sidewalks, MCL 691.1401(e); MSA 3.996(101)(e), there is a statutory obligation to keep the highway or sidewalk in good repair so as to be reasonably safe for public travel. MCL 691.1402(1); MSA 3.996(102)(1). There is no corresponding common-law duty on the part of an ordinary landowner.[1]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The open and obvious rule would thus not be a "defense[] avail-

If the open and obvious danger rule applied, then any governmental agency with the duty to maintain a highway could simply post a sign announcing "Defective Highway Ahead—Travel at Your Own Risk" and avoid the statutory obligation to keep its highways in good repair so as to be reasonably safe for public travel. Alternatively, a governmental agency could meet its statutory duty merely by allowing the roads and sidewalks to deteriorate until their appearance made any danger apparent to the public. Thus, absolving the city of liability in this situation would be tantamount to allowing the open and obvious danger rule to swallow the statutory duty to maintain highways, including—with regard to municipalities —sidewalks, in good repair.

Absolving the city of liability is also inconsistent with MCL 691.1403; MSA 3.996(103). This section protects a governmental agency from liability unless there is actual or constructive knowledge of a defect and reasonable time to repair it. However, this section also establishes a time limit beyond which these protections become unavailable.

> Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place.

If the open and obvious danger rule precluded liability, then in all conclusive presumption situations, the obligation to maintain the highway or sidewalk in good repair would be self-extinguishing. In other words, the very fact that the defect was so obvious as to be readily apparent to an

able to . . . private persons" under the facts of this case, thus making MCL 691.1412; MSA 3.996(112) inapposite.

ordinarily observant person would not only establish a conclusive presumption of actual notice giving rise to a duty to repair, it would also establish conclusively the basis for asserting "open and obvious" danger as a complete defense for failing to make the repair.

A fundamental rule of statutory construction is that the Legislature did not intend to do a useless thing, and absurd or self-defeating consequences should be avoided. *Gross v General Motors Corp,* 448 Mich 147, 164; 528 NW2d 707 (1995); *Recorder's Court of Detroit v Detroit,* 134 Mich App 239, 243; 351 NW2d 289 (1984). Hence, this nugatory construction of the governmental immunity act must be rejected.[2]

We therefore conclude that the openness and obviousness of the danger does not absolve a municipality of its statutory obligation to repair its sidewalks and highways. See *VanStrien v Grand Rapids,* 200 Mich App 56, 58; 504 NW2d 13 (1993). However, the city may argue that the openness and obviousness of the danger establishes comparative negligence on plaintiff's part.

We reverse and remand for further proceedings consistent with this opinion.[3] We do not retain jurisdiction.

[2] Our analysis is strictly limited to governmental agencies having clear statutory responsibilities under the statutory provisions that compel the result we have reached.

[3] The result we reach is consistent with *Walker v City of Flint,* 213 Mich App 18; 539 NW2d 535 (1995). However, the *Walker* analysis of the issue suggests that the open and obvious danger rule is applicable only in a case wherein a duty to warn is alleged. We question whether that limitation is appropriate under Michigan precedents. See, e.g., *Riddle, supra* (the open and obvious danger doctrine obviates the "duty to protect or warn"). In any event, it is unnecessary to conclude that the open and obvious danger doctrine applies only to duty to warn cases in determining that it does not abrogate the duty imposed by the statute in this case.