*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER BUHL,

        Plaintiff-Appellant,

v

CITY OF OAK PARK,

        Defendant-Appellee.

FOR PUBLICATION
August 29, 2019

No. 340359
Oakland Circuit Court
LC No. 2017-157097-NI

Before: O'BRIEN, P.J., and TUKEL and LETICA, JJ.

LETICA, J. (*dissenting*).

I respectfully dissent. The sole question is whether the amendment allowing a municipality to employ an open and obvious defense to an action brought under the defective sidewalk exception to governmental immunity, MCL 691.1402a, may be applied retroactively. In my opinion, the statutory language confirms the Legislature intended prospective application. In addition, this portion of the statutory amendment must apply prospectively because it is a substantive change impairing Jennifer Buhl's vested rights, as plainly evidenced by the circuit court's dismissal.[1] I would reverse and remand for further proceedings.

---

[1] Another panel of this Court earlier reached the same conclusion. *Schilling v Lincoln Park*, unpublished per curiam opinion of the Court of Appeals, issued May 16, 2019 (Docket No. 342448). See also *Farley v United States*, unpublished opinion of the United States District Court for the Southern District of West Virginia, issued September 30, 2015 (Case No. 2:13-cv-17090) (following the state Supreme Court's abrogation of the open and obvious defense, the federal district court declined to retroactively apply a West Virginia statute, W Va Code 55-7-28, reinstating the plaintiff's pre-existing cause of action). Also, a separate panel of this Court held that an earlier 2012 amendment, 2012 PA 50, applied prospectively; the 2012 amendment added a statutory presumption describing circumstances under which a municipality would have satisfied its duty to keep a sidewalk in reasonable repair. *Sufi v Detroit*, unpublished per curiam opinion of the Court of Appeals, issued February 17, 2015 (Docket No. 312053), p 6 ("[T]he

## I. STANDARD OF REVIEW

The question of whether the amendment of MCL 691.1402a, which added an open and obvious defense, applies retroactively is a question of law reviewed de novo. *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 583; 624 NW2d 180 (2001).

## II. THE APPLICABLE LEGAL PRINCIPLES

"[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *Landgraf v USI Film Prod*, 511 US 244, 265; 114 S Ct 1483; 128 L Ed 2d 229 (1994). "Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted." *Id*. Applying legislation retroactively " 'presents problems of unfairness . . . because it can deprive citizens of legitimate expectations and upset settled transactions.' " *Downriver Plaza Group v Southgate*, 444 Mich 656, 666; 513 NW2d 807 (1994), quoting *Gen Motors Corp v Romein*, 503 US 181, 191; 112 S Ct 1105; 117 L Ed 2d 328 (1992).

For these reasons, our Supreme Court requires the Legislature to "make its intentions clear when it seeks to pass a law with retroactive effect." *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26, 38; 852 NW2d 78 (2014). Moreover, in determining whether a law has retroactive effect, our courts keep four principles in mind:

> First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event.[2] Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute. [*Id*. at 38-39 (citations omitted).]

## III. THE STATUTORY LANGUAGE SUPPORTS PROSPECTIVE APPLICATION

The first principle that this Court must consider is whether the amendment's language indicates it is to have retroactive effect. "In determining whether a statute should be applied retroactively or prospectively only, '[t]he primary and overriding rule is that legislative intent

---

amended version of MCL 691.1402a is inapplicable to plaintiff's claims because it is prospective, not retroactive.").

[2] I agree with the majority that the second principle "relate[s] to measuring the amount of entitlement provided by a subsequent statute in part by services rendered pursuant to a prior statute," *In re Certified Questions*, 416 Mich 558, 571; 331 NW2d 456 (1982), and is not at issue here.

governs. All other rules of construction and operation are subservient to this principle.' " *Frank W Lynch & Co*, 463 Mich at 583, quoting *Franks v White Pine Copper Div*, 422 Mich 636, 670; 375 NW2d 715 (1985) (alteration in original). "Statutes are presumed to apply prospectively only unless a contrary intent is clearly manifested." *Brewer v A D Transp Express, Inc*, 486 Mich 50, 56; 782 NW2d 475 (2010). Indeed, "the Legislature has shown on several occasions that it knows how to make clear its intention that a statute apply retroactively." *Frank W Lynch & Co*, 463 Mich at 584.[3] "Use of the phrase 'immediate effect' does not at all suggest that a public act applies retroactively." *Johnson v Pastoriza*, 491 Mich 417, 430; 818 NW2d 279 (2012). To the contrary, when the Legislature provides a law will take immediate effect, this "only confirms its textual prospectivity." *LaFontaine Saline, Inc*, 496 Mich at 40. Here, the Legislature directed the statutory amendment "to take immediate effect" and used no retroactive language. This weighs against retroactive effect, and, instead, confirms the statutory amendment applies prospectively.

## IV.  PROSPECTIVE APPLICATION IS ALSO REQUIRED BECAUSE THE AMENDMENT TAKES AWAY OR IMPAIRS PLAINTIFF'S PRE-EXISTING CAUSE OF ACTION

The third question to be answered in determining whether a statutory amendment may be applied retroactively is whether it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability with respect to transactions or considerations already past." *In re Certified Questions*, 416 Mich 558, 571; 331 NW2d 456 (1982), quoting *Hughes v Judges' Retirement Bd*, 407 Mich 75, 85; 282 NW2d 160 (1979) (quotation marks omitted). Stated otherwise, "this rule is . . . triggered when a plaintiff's accrued cause of action would be totally barred or taken away by a new act." *In re Certified Questions*, 416 Mich at 577.

The circuit court ruled Buhl had no vested right in not having an open and obvious defense raised. The court explained that Buhl was "not getting left out in the cold" as she "still has the very claim that she had on the day that she fell and was injured." The circuit court added that the city's ability to raise the open and obvious defense was simply "a procedural change and not a substantive change in [Buhl's] ability to bring her claim[.]" The majority accepts these conclusions, holding that the statutory amendment operates in a remedial or procedural manner and, therefore, may be applied retrospectively.

However, the law is clear that "the term 'remedial' in this context should only be employed to describe legislation that *does not affect substantive rights*." *Frank W Lynch & Co*,

---

[3] During the 2016 session alone, the Legislature passed several statutes explicitly providing for retroactive application. See e.g., 2016 PA 7, enacting § 1, amending MCL 205.92 ("This amendatory act is retroactive and is effective December 15, 2013."); 2016 PA 15, enacting § 1, adding MCL 600.6094a ("This amendatory act applies retroactively to all judgments entered after May 6, 2015."); 2016 PA 283, enacting § 2, amending the Michigan Medical Marihuana Act, MCL 333.26421, *et seq.* ("This amendatory act is curative and applies retroactively as to the following: . . . ."); 2016 PA 372, enacting § 1, amending MCL 205.54w ("This amendatory act is retroactive and effective for taxes levied after December 31, 2012.").

463 Mich at 585 (emphasis added). And the Michigan Supreme Court has held that where an amended statute is enacted to invalidate a prior decision of the Court, it "effect[ed] a substantive change in the law" and would apply prospectively. *Hurd v Ford Motor Co*, 423 Mich 531, 534; 377 NW2d 300 (1985). A substantive right is one "that can be protected or enforced by law; a right of substance rather than form." *Black's Law Dictionary* (10th ed), p 1520.

Michigan law is "clear that once a cause of action accrues,—*i.e.,* all the facts become operative and are known—it becomes a 'vested right'." *In re Certified Questions*, 416 Mich at 573 (citations omitted). A vested right is "an interest that the government is compelled to recognize and protect of which the holder could not be deprived without injustice." *Detroit v Walker*, 445 Mich 682, 699; 520 NW2d 135 (1994). In this case, Buhl's cause of action accrued on May 4, 2016—the day she fell. This was well before the January 4, 2017 effective date of the statutory amendment.

The next question is not simply whether the statutory amendment destroyed Buhl's ability to sue, but also whether it *impaired* Buhl's vested right or her substantial rights. To answer this question it is helpful to understand how the open and obvious defense functions in a premises-liability action and how it previously functioned in a suit seeking recovery for an injury resulting from a municipal corporation's failure to maintain its sidewalk in reasonable repair.

In general, "whether a duty exists in a tort action is . . . a question of law to be decided by the court, and when a court determines that a duty was not owed, no jury-submissible question exists." *Hoffner v Lanctoe*, 492 Mich 450, 476; 821 NW2d 88 (2012) (citations omitted). A possessor of land owes no duty to an invitee to protect from, or to warn the invitee of, dangers that are open and obvious "because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id*. at 460-461. "Whether a danger is open and obvious depends on whether it is reasonable to expect an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. at 461. This is an objective standard that is not dependent on whether the plaintiff actually discovered the hazard. *Id*. The open and obvious doctrine is not an exception to the duty or duties owed by a landowner; instead, it is an integral part of the definition of that duty or duties. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). Accordingly, "establishing whether a duty exists in light of the open and obvious nature of a hazard is an issue within the province of the court." *Hoffner*, 492 Mich at 476.

Before the statutory amendment at issue in this case became effective, our appellate courts held that the open and obvious doctrine of common-law premises liability was "inapplicable to a claim that a municipality violated its statutory duty to maintain a sidewalk on a public highway in reasonable repair." *Jones v Enertel, Inc*, 467 Mich 266, 267; 650 NW2d 334 (2002). See also *Haas v Ionia*, 214 Mich App 361; 543 NW2d 21 (1996); *Walker v City of Flint*, 213 Mich App 18; 539 NW2d 535 (1995). Unlike a typical landowner, who had no duty to make repairs to protect invitees, the statutory exception to governmental immunity imposed a duty on a municipality to keep its sidewalks in good repair so as to be reasonably safe for public travel. *Jones*, 467 Mich at 268-269; *Haas*, 214 Mich App at 362; *Walker*, 213 Mich App at 22-23. As this Court explained, if the open and obvious doctrine applied, a municipality "could meet its statutory duty merely by allowing the . . . sidewalks to deteriorate until their appearance made any danger apparent to the public." *Haas*, 214 Mich App at 363. "Thus, absolving the city of

-4-

liability in this situation would be tantamount to allowing the open and obvious danger rule to swallow the statutory duty to maintain . . . sidewalks[] in good repair." *Id.*[4]  Finally, the Supreme Court had no difficulty rejecting the city's argument that, under MCL 691.1412,[5] it must be allowed to advance "the open and obvious 'defense' . . . available to private parties," holding:

> We disagree.  Assuming for purposes of discussion that MCL 691.1412 read in isolation would allow [the city] to use the open and obvious doctrine as a defense in the present case, we conclude that MCL 691.1412 would have to yield to the more specific statutory duty to maintain highways in reasonable repair under MCL 691.1402(1).  "[W]here a statute contains a general provision and a specific provision, the specific provision controls." *Gebhardt v O'Rourke*, 444 Mich 535, 542-543; 510 NW2d 900 (1994). . . . MCL 691.1402(1) imposes a duty on municipalities specific to maintaining highways (including sidewalks on highways) in reasonable repair.  In contrast, MCL 691.1412 applies generally to all claims under the [governmental tort liability act].  Thus, the specific provisions of MCL 691.1402(1) prevail over any arguable inconsistency with the more general rule of MCL 691.1412.  [*Jones*, 467 Mich 270-271 (second alteration in original).]

Here, the statutory amendment vitiates the municipal corporation's duty through application of the open and obvious doctrine, resulting in the dismissal of Buhl's lawsuit.  Buhl's substantial rights and vested right were negatively impacted.  As the *Schilling* panel succinctly explained when confronted with the identical question of how the statutory amendment adding an open and obvious defense applied:

> [P]laintiff had a vested right in her cause of action that accrued when her trip and fall accident occurred before the effective date of the statutory amendment under 2016 PA 419.  Under the applicable version of MCL 691.1402a, at the time her action accrued, the City was liable for a breach of its statutory duty to maintain its sidewalk in reasonable repair, so long as plaintiff could prove that the City had the requisite knowledge of the defect and could rebut the statutory presumption that the sidewalk was in reasonable repair.  MCL 691.1402a(1)-(3).  Before the amendment under 2016 PA 419, the municipality could not assert an open and obvious defense to claims brought pursuant to its statutory duty under MCL 691.1402a.  *Jones*, 467 Mich at 269-270; *Walker*, 213 Mich App at 22-23.

---

[4] Although "the openness and obviousness of the danger does not absolve a municipality of its statutory obligation to repair its sidewalks," it may establish comparative negligence on the plaintiff's part. *Haas*, 214 Mich App at 364.

[5] MCL 691.1412 provides that claims brought under the governmental tort liability act, MCL 691.1401 *et seq*., "are subject to all of the defenses available to claims sounding in tort brought against private persons."

The amendment, adding subsection (5) to permit a municipality to assert the open and obvious defense, in effect, now additionally absolves a municipality of liability stemming from a dangerous condition that is open and obvious, i.e., where "it is reasonable to expect that an average person with ordinary intelligence would have discovered [the condition] upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012); *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 474-475; 499 NW2d 379 (1993). Accordingly, the amended version of MCL 691.1402a not only shields a municipality from liability for injuries caused by a vertical discontinuity defect of less than two inches, MCL 691.1402a(3), but additionally shields a municipality from liability if the dangerous condition of the sidewalk was open and obvious. MCL 691.1402a(5). Thus, *the amendment clearly further limits a municipality's liability for injuries arising from a defective sidewalk, and conversely, effectively precludes an injured party from bringing a claim, where he or she previously could, if the dangerous condition of the sidewalk was open and obvious.* The amendment under 2016 PA 419, thus, would impair and effectively destroy any claim resulting from a condition of the sidewalk that is open and obvious and not unreasonably dangerous. *Hoffner*, 492 Mich at 461-463. [*Schilling*, unpub op at 11 (footnote omitted; emphasis added; second alteration in original)].

Just like the plaintiff in *Schilling*, Buhl may sue, but if the dangerous condition of the municipality's sidewalk is open and obvious, her suit is doomed to dismissal because she cannot establish the municipality had a duty.[6] See *Benton v Dart Props Inc*, 270 Mich App 437, 440;

---

[6] Other jurisdictions have recognized that a statute providing a defense that may operate to bar a plaintiff's cause of action applies prospectively. See, e.g., *Anagnost v Tomecek*, 390 P3d 707, 712; 2017 OK 7 (2017) (reversing trial court's dismissal retroactively applying an amendment that "create[d] a new defense to causes of action involving first amendment rights [because it] effectively provide[d] immunity from suit and would act as a complete bar to the plaintiff's claim"); *Pollock v Highlands Ranch Community Ass'n*, 140 P3d 351, 354 (Colo App, 2006) (reversing the trial court's grant of summary disposition after retroactively applying a release statute that "recognizes a substantive defense to negligence claims that often will operate as a complete bar to relief"); *Cole v Silverado Foods, Inc*, 78 P3d 542, 548; 2003 OK 81 (2003) (reinstating the Workers' Compensation Court judge's refusal to retrospectively apply an amendment that refashioned a statutory defense "into a different and more extensive liability-defeating mechanism" that "destroy[ed] the claimant's right to present her claim free from being subjected to new and more extensive instruments of destruction"); *Irvine v Salt Lake Co*, 785 P2d 411 (Utah, 1989) (reversing the trial court's dismissal via retroactive application of statute providing for a governmental immunity defense for flood control activities where the conduct giving rise to cause of action occurred before amendment went into effect); *Brookins v Sargent Indus, Inc*, 717 F2d 1201, 1203 (CA 8, 1983) (reversing the trial court's application of a new defense because it "potentially cuts off a plaintiff's right to recover[,]" and adding, "[W]e have no difficulty in concluding that this is not a procedural change but is a substantive change in rights and obligations.").

715 NW2d 335 (2006) (identifying a duty owed the plaintiff as an essential element of actions sounding in premises liability). Stated otherwise, Buhl's accrued cause of action is "totally barred or taken away by [the] new act." *In re Certified Questions*, 416 Mich at 577. This statutory amendment is not remedial or procedural, it is a substantive game-changer and applies prospectively.

## V. RESPONSE TO THE MAJORITY

The majority reframes Buhl's argument, suggesting she has no vested right, but simply an "expectation of success" in her litigation. I recognize that there is a distinction between a right of action and a right of recovery. Accrual of a cause of action means the right to institute and maintain the action. On the other hand, recovery depends not only on successful litigation, but also on the defendant's ability to pay. Buhl, however, does not argue she has a vested right to recover damages from the municipality; instead, she contends she has a vested right to continue her cause of action under the substantive law in existence before the statutory amendment. Again, the law recognizes Buhl has a vested right in her cause of action. *Id*. at 573. Whether the statutory amendment at issue abolishes Buhl's cause of action outright or its application results in dismissal of her lawsuit, albeit after a judicial finding on the question of whether the danger was open and obvious, makes no difference. Either way, Buhl's "accrued cause of action [is] totally barred or taken away by a new act." *Id*. at 577.

Moreover, the majority's discussion of the relevancy of reliance to determine the amendment's retroactivity is unpersuasive. Even if Buhl was not relying on the municipality's statutory duty when she fell, she need not demonstrate reliance on the prior law in structuring her conduct. *Landgraf* contains no such requirement. *Vartelas v Holder*, 566 US 257, 272; 132 S Ct 1479; 182 L Ed 2d 473 (2012). Rather "[t]he essential inquiry . . . is 'whether the new provision attaches new legal consequences to events completed before its enactment.' " *Id*. at 273. That is precisely what happened here.

To buttress its conclusion that the Legislature's intent to overrule our Supreme Court's 2002 *Jones* decision renders the 2016 statutory amendment remedial and retroactive, the majority extracts from *Brewer* a rule that substantive changes are only to apply prospectively "if the Legislature adopts an amendment directed at a particular judicial decision, and through that amendment not only overrules the judicial decision but also reinstates the state of the law as it existed prior to the amendment, then the amendment is considered remedial and will be applied retroactively." But in *Brewer*, the Supreme Court explained that "[e]ven if the Legislature acts to invalidate a prior decision of this Court, the amendment is limited to prospective application if it enacts a substantive change in the law." *Brewer*, 486 Mich at 56, citing *Hurd*, 423 Mich at 533. See also *Johnson*, 491 Mich at 430, quoting *Brewer*, 486 Mich at 56. The Supreme Court did not incorporate the majority's rule. See also *Frank W Lynch & Co*, 463 Mich at 585 ("[W]e have rejected the notion that a statute significantly affecting a party's substantive rights should be applied retroactively merely because it can also be characterized in a sense as 'remedial.' "). Thus, while the majority applies a rule it derives from *Brewer*, I discern non-binding obiter

dictum.[7] *Perry v Sied*, 461 Mich 680, 687 n 9; 611 NW2d 516 (2000) ("[O]bservations by way of obiter dicta are not binding.")

The majority further buttresses its conclusion describing this amendment as a clarification that resolved a controversy about the statute's meaning. But "[a]n amendment that affects substantive rights generally will not fall within this rule." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 372; 803 NW2d 698 (2010). And our Supreme Court has explained this clarification rule applies "when a legislative amendment is enacted *soon* after a controversy arises regarding the meaning of an act [because] it is logical to regard the amendment as a legislative interpretation of the original act . . . ." *Adrian Sch Dist v Mich Pub Sch Employees Retirement Sys*, 458 Mich 326, 337; 582 NW2d 767 (1998) (quotation marks and citations; emphasis added). Fourteen years is not "soon" and characterizing this amendment as clarifying ignores the Legislature's passage of the interim 2012 amendment before it added this "new defense." House Legislative Analysis, HB 4686 (December 9, 2015), p 2.

Finally, the majority repeatedly quotes *Lahti v Fosterling*, 357 Mich 578, 589; 99 NW2d 490 (1959), quoting *Evans Prod Co v State Bd of Escheats*, 307 Mich 506, 545; 12 NW2d 448 (1943), for the proposition that " 'no right is destroyed when the law restores a remedy which had been lost.' " In *Lahti*, the Supreme Court retroactively applied an amendment to a workers' compensation statute that eliminated a two-year limitation on the payment of medical benefits for work-related injuries. *Id*. at 582-583. The Court explained that the workers' compensation law "was originally adopted to give employers protection against common-law actions and to place upon industry, where it properly belongs, . . . the expense of the hospital and medical bills of the injured employee . . . ." *Id*. at 585. If the worker had been the plaintiff in a common-law tort action, he would have had the right to recover lifetime medical benefits, leading the Court to conclude the amendment at issue simply "restored" this remedy. *Id*. at 589. The Court also determined that the amendment did not affect any vested rights because it "did not afford the employee a new cause of action, but merely expanded the remedies then in effect." *Id*. at 587. In other words, although the amendment reduced the statutory protections afforded to the employer, the employer was still in a better position than it would have been had it been subject to common-law tort liability. This is not true here—application of the open and obvious doctrine vitiates the municipality's duty, defeating Buhl's preexisting cause of action. Moreover, our Supreme Court later clarified that "[a]n amendment that affects substantive rights is not

---

[7] After concluding there was no language clearly manifesting a legislative intent to apply the new statute retroactively, the Supreme Court held "the amendment applies only to injuries occurring on or after" its effective date. *Brewer*, 486 Mich 56. The Court also reviewed the effective date language in 2008 PA 499 ("to take immediate effect"), and held that it, too, supported the conclusion that the statute should be applied prospectively. *Id.* Only at that point did the Court mention that "[f]urther undermining any notion of a legislative intent to apply the amendment . . . retroactively is the fact that, although the Legislature adopted the amendment after our decision in *Karaczewski* [*v Farbman Stein & Co*, 478 Mich 28; 732 NW2d 56 (2007),] it did not reinstate the pre-*Karaczewski* state of the law[,]" but opted for a new rule. *Brewer*, 486 Mich at 57.

considered 'remedial' . . . ." *Brewer*, 486 Mich at 57. See also *Frank W Lynch & Co*, 463 Mich at 585 ("[W]e have rejected the notion that a statute significantly affecting a party's substantive rights should be applied retroactively merely because it can also be characterized in a sense as 'remedial.' ").

The question here is not whether the Legislature may alter the law. It surely may. The legal question before us is whether the Legislature clearly stated its intention to apply 2016 PA 419 retroactively. Like my colleagues in *Schilling*, I answer "no." *Schilling*, unpub op at 10. A follow-up question before us is whether retroactive application of this statutory amendment would take away or impair a vested right. Again, like my colleagues in *Schilling*, I answer "yes." *Id*. at 10-11. So, like my colleagues in *Schilling*, I conclude 2016 PA 419 applies prospectively. *Id*. at 12-13.

## VI. THE CITY'S REMAINING ARGUMENT

The city also relies upon *Rookledge v Garwood*, 340 Mich 444; 65 NW2d 785 (1954), for the proposition that a statutory defense is not a vested right. In that case, the plaintiff was injured in an automobile accident while walking to lunch. *Id*. at 449. On the date of the accident, the workers' compensation law provided the plaintiff two mutually exclusive options: he could either sue the responsible tortfeasor or seek recovery from his employer and leave his employer to pursue the tortfeasor. *Id*. at 448. The plaintiff opted to recover from his employer under the workers' compensation law. *Id*. at 449. Thereafter, the law was amended to allow the plaintiff to recover from the tortfeasor notwithstanding his choice to seek compensation under the workers' compensation law. *Id*. at 450. The plaintiff then sued the tortfeasor. *Id*. at 449. The tortfeasor argued that the earlier statute had given him "a substantive right, and that the statute [was] not retroactive," while the plaintiff maintained that the amended statute was remedial and afforded him both rights. *Id*. at 452.

The Supreme Court agreed with the plaintiff, discussing the remedial nature of the statute and noting that it had previously addressed the injustice of requiring this particular election, characterizing it "as working a hardship solely to the advantage of the third party tortfeasor." *Id*. at 453-454. Importantly, the Court noted that in amending the statute to eliminate the election requirement, the Legislature had rejected a proposal to limit its application to those employees who had not previously made an election. *Id*. at 454. The Court also explained that the amendment did not create "a new cause of action against the defendant, thereby affecting a vested or substantive right, nor [did] it impose a new liability upon the defendant where none existed before." *Id*. at 456. The Court further discussed the difficulty of determining what constituted a vested right, but agreed that it was "a right of which the individual could not be deprived without injustice" or one "of which the individual could not be deprived arbitrarily without injustice." *Id*. (quotation marks and citations omitted). Applying these definitions, the tortfeasor defendant "did not have a vested right in the statutory defense accorded him under the prior provision of the Workmen's Compensation Act. His right then . . . 'sprang from the kindness and grace of the legislature. And it is the general rule that that which the legislature gives, it may take away.' " *Id*. at 457, quoting *Wylie v City Comm'n of Grand Rapids*, 293 Mich 571, 588; 292 NW 668 (1940). The Court added that "[a] statutory defense, though a valuable right, is not a vested right and the holder thereof may be deprived of it after the cause of action to which it may be interposed has arisen." *Rookledge*, 340 Mich at 457.

*Rookledge* is easily distinguished. There, the statute removed a defense that was dependent on a choice made by the plaintiff in a situation where the tortfeasor defendant did not have a right to avoid liability even before the amendment. In this case, the amendment added a new defense that abrogated the duty the city owed and resulted in dismissal of Buhl's suit.

## VII. CONCLUSION

I have no doubt the Legislature intended to extend the same protection and cost savings land possessors enjoy by employing the open and obvious danger defense to a municipal corporation's duty to maintain its sidewalks in reasonable repair.[8] But, applying 2016 PA 419 retroactively eliminates the city's duty and impairs Buhl's substantive rights, namely, her ability to pursue her pre-existing cause of action. In my opinion, the law and the Legislature's chosen language require us to apply this amendment prospectively.

/s/ Anica Letica

---

[8] The following argument was made in support of the bill:

> [It] extends cost savings already enjoyed by the private sector, to taxpayers in the public sector. How so? Proponents note that courts have permitted private enterprise to employ an 'open and obvious' defense for years, such that today it is routinely considered their first line of protection in such cases. So, while the private sector has a common law duty to make its premises reasonably safe, it is protected from liability if a visitor suffers an injury due to a dangerous condition that is an 'open and obvious' one. The same policy should apply in the public sector. [House Legislative Analysis, HB 4686 (December 9, 2015), p 2.]